# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL HOLLINS,**

    **Petitioner,**

v.                                                                                                                                     **2:09 CV 33**
                                                                                                                                      **(Maxwell)**

**WARDEN JAMES CROSS,**

    **Respondent.**

## ORDER

On March 11, 2009, *pro se* Petitioner Michael Hollins submitted to the Court a Petition For Writ Of Coram Nobis, Or In The Alternative, A Writ Of Habeas Corpus, which Petition was filed by the Court as an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The case was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

After conducting an initial screening and review, Magistrate Judge Joel determined that summary dismissal was not warranted at that time and, by Order To Show Cause entered May 12, 2009, gave the Respondent thirty days in which to file a reply to the Petitioner's § 2241 Application.

On July 13, 2009, a Motion To Dismiss Or In The Alternative, Motion For Summary Judgment and a Memorandum In Support thereof were filed on behalf of the Respondent.

Thereafter, on July 14, 2009, Magistrate Judge Joel issued a Roseboro Notice directing the Petitioner to file any response to the Respondent's Motion To Dismiss Or In The Alternative, Motion For Summary Judgment within thirty days from the date of entry of said

Order and advising the Petitioner that a failure to file a response thereto might result in the entry of an Order dismissing his case. The Court's review of the docket herein reveals that no response to the Defendant's Motion To Dismiss Or In The Alternative, Motion For Summary Judgment has, to date, been filed on behalf of the Petitioner.

On September 14, 2009, Magistrate Judge Joel issued a Report And Recommendation wherein he recommended that the Respondent's Motion To Dismiss Or In The Alternative, Motion For Summary Judgment be granted; that the Petitioner's Motion To Waive Exhaustion Of Administrative Remedies filed on March 31, 2009, be denied as moot; and that the Petitioner's § 2241 Application be denied and dismissed. In his Report And Recommendation, Magistrate Judge Joel provided the parties with ten (10) days from the date they were served with a copy of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled civil action reveals that, to date, no objections to Magistrate Judge Joel's September 14, 2009, Report And Recommendation have been filed. A September 17, 2009, docket entry in the above-styled civil actions reveals that, on September 15, 2009, service of the Petitioner's copy of the Report And Recommendation was accepted. Accordingly, it would appear that this matter is now ripe for review.

Upon consideration of Magistrate Judge Joel's September 14, 2009, Report and

Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge David J. Joel on September 14, 2009 (Docket No. 39), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss Or In The Alternative, Motion For Summary Judgment (Docket No. 35) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED**. It is further

**ORDERED** that the Petitioner's Motion To Waive Exhaustion Of Administrative Remedies (Docket No. 13) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the

---

[1] The failure of a party to file an objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

3

time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit. The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

  **ENTER**: November <u> 25 </u>, 2009

                 <u>  **/S/ Robert E. Maxwell**  </u>
                    United States District Judge